IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |  |
|---|---|---|
| WILLIAM DORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:15-cv-01609-LO-MSN |
| | ) | |
| ONE MAIN FINANCIAL, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT & RECOMMENDATION

This matter is before the Court on Plaintiff William Dores' Motion for Default Judgment (Dkt. No. 7). Having reviewed the record, the undersigned Magistrate Judge recommends granting Plaintiff's Motion for the reasons that follow.

**I.   Background**

At some point prior to August 8, 2015, Defendant One Main Financial began placing calls to Plaintiff's cellular telephone. Compl. ¶¶ 8, 11. Defendant made these calls for the purpose of collecting a debt. *See id*. ¶ 9. Based on the "frequency, number, nature, and character," of the telephone calls, Plaintiff believes that Defendant employed an "automatic dialing system or other equipment that has[ ] the capacity to store and/or produce telephone numbers," colloquially known as an "auto dialer." *See id*. ¶ 8.

On August 8, 2015, Plaintiff spoke with Defendant's employee and asked that Defendant cease calling him. *See id*. ¶ 11. Defendant nonetheless continued to place calls to Plaintiff's cellular phone at a rate of three calls per day for more than one month. *See id*. ¶ 14. Plaintiff alleges that Defendant placed 114 calls after Plaintiff requested that Defendant stop calling. *See*

*id*. ¶ 15. On December 2, 2015, Plaintiff brought suit against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA).

## II. Jurisdiction, Venue, and Service of Process

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) as it arises under federal law—specifically the TCPA, 47 U.S.C. § 227.[1] The facts alleged in Plaintiff's Complaint establish the Court's personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and Virginia Code § 8.01–328.1(A)(1). *See Richardson v. William Sneider & Associates, LLC*, No. 4:12-cv-25, 2012 WL 3525625, at *3-4 (E.D. Va. July 24, 2012), *report and recommendation adopted*, No. 4:12-cv-25, 2012 WL 3525621 (E.D. Va. Aug. 14, 2012). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district and it was here that he received the telephone calls giving rise to his cause of action. Plaintiff properly effectuated service upon Defendant under Federal Rule of Civil Procedure 4(h) through service of the Complaint and a summons on Defendant's registered agent, CT Corporation System. *See* Executed Summons (Dkt. No. 3).

## III. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l*

---

[1] Although there was at one point disagreement as to whether federal courts have subject matter jurisdiction over cases arising under the TCPA, the Supreme Court has clarified that they do. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

*Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Here, Defendant has not answered or otherwise timely responded. Accordingly, the well-pled allegations of fact in the Complaint are deemed admitted.

**IV.   Analysis**

Congress intended the TCPA "to curb abusive telemarketing practices that threaten the privacy of consumers and businesses." *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 741 (6th Cir. 2013). To that end, the TCPA prohibits—as relevant here—the use of "an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any emergency telephone line, hospital patient, pager, cellular telephone, or other service for which the receiver is charged for the call." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012) (citing 47 U.S.C. § 227(b)(1)(A)). "[T]o prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that (1) the defendant called his or her cell phone, and (2) the defendant did so using an ["auto dialer"] or an artificial or prerecorded voice." *Levy v. Receivables Performance Mgmt.*, LLC, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013).

Plaintiff alleges that Defendant called his cellular telephone a total of 114 times. *See* Compl. ¶¶ 8, 15. Plaintiff further alleges that Defendant used an "auto dialer" to place these calls. *See id.* These two allegations are sufficient to state a claim under the TCPA. *See, e.g.*, *De Los Santos v. Millward Brown, Inc.*, No. 13-cv-80670, 2014 WL 2938605, at *3 (S.D. Fla. June 30, 2014) ("To state a claim under the TCPA, Plaintiff need only to allege that Defendant used an autodialer."); *Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058, 1061 (D. Minn. 2013) ("Here, Hashw has pleaded that an ATDS was used to make the calls to his cellular phone. As the Court must accept that allegation as true at this juncture, nothing more is required to state a

claim for relief under the TCPA."); *Evans*, 2014 WL 2866369, at *2 (quoting *Robbins v. Coca–Cola Co.*, 2013 WL 2252646 at *2 (S.D.Cal., May 22, 2013)) ("'The language of the TCPA makes no reference to the time, content, sequence, or volume of calls or messages as a prerequisite to liability; rather, the wording of the statute is expansive and content neutral.'")

Nothing in the record suggests that the telephone calls in question fall under any exception to the TCPA. While the TCPA does make special allowances for telephone calls placed in the course of collecting a debt, those exceptions apply only to calls made to residential landlines rather than to cellular telephones. *See Cartrette v. Time Warner Cable, Inc.*, No. 5:14-CV-143-FL, 2016 WL 183483, at *9 (E.D.N.C. Jan. 14, 2016). Moreover, there is no indication in the record that Plaintiff gave Defendant prior consent to place the telephone calls at issue, and Plaintiff revoked any such consent, express or implied, by instructing Defendant's employee to cease calling him on August 8, 2015. *See id.* at *3 (noting that consumers may revoke consent to calls under the TCPA by means of an oral request). Accordingly, based on the present record, Plaintiff is entitled to relief under the TCPA.

The TCPA provides for statutory damages in the amount of $500 per violation, and permits the award of treble damages where a defendant has acted "willfully or knowingly." 47 U.S.C.A. § 227(b)(3). Courts have held that each call made in contravention of the TCPA constitutes an independent violation entitling the plaintiff to statutory damages. *See, e.g.*, *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 631 (6th Cir. 2009); *Yount v. Midland Funding, LLC*, No. 2:14-cv-108, 2016 WL 554851, at *8 (E.D. Tenn. Feb. 10, 2016). Here, Plaintiff alleges that Defendant placed 114 separate telephone calls to his cell phone that violated the TCPA. At a minimum, therefore, Plaintiff is entitled to recover damages in the amount of $500 for each of the 114 calls, for a total of $57,000. As this sum represents liquidated damages, no

hearing on the amount is necessary for default judgment to be entered. *See Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628, 2014 WL 5366248, at *5 (M.D. Fla. Oct. 21, 2014), *vacated and remanded*, No. 14-15783, __ Fed. App'x __, 2016 WL 413149 (11th Cir. Feb. 3, 2016).

Plaintiff requests further that the Court find Defendant acted "willfully or knowingly" and award Plaintiff treble damages under 47 U.S.C.A. § 227(b)(3). Plaintiff's claim that Defendant's actions meet the standard for enhanced damages under the TCPA is a legal rather than a factual allegation, and as such need not be accepted as true for purposes of the present Motion. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015).

The sparse record in this case does not adequately support a finding that Defendant acted "willfully or knowingly." Moreover, the question of whether to award treble damages is committed to the Court's discretion even upon a finding that a violation was "willful[ ] or knowing[ ]." 47 U.S.C.A. § 227(b)(3). In similar situations, "when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount." *Malibu Media, LLC v. Flanagan*, No. 2:13-CV-5890, 2014 WL 2957701, at *3 (E.D. Pa. July 1, 2014). Given the paucity of the evidence in the record regarding both Defendant's conduct and any harm Plaintiff may have suffered, the undersigned finds that this is the appropriate course of action here.

**V.      Recommendation**

The undersigned recommends GRANTING Plaintiff's Motion and awarding Plaintiff damages under the TCPA totaling $57,000, representing statutory damages in the amount of $500 per telephone call for each of the 114 calls at issue in this case.

**VI.     Notice**

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

June 1, 2016
Alexandria, Virginia